UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

MJD LEGACY INVESTMENTS, INC,           Case No.: 6:21-bk-01125-GER
                                                                      Chapter 7
      Debtor.
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT WITH PNC BANK, N.A.**

> NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801, within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Robert Thomas, in his capacity as Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate ("*Estate*") of MJD Legacy Investments, Inc. ("*Debtor*"), by and through undersigned counsel and pursuant to Bankruptcy Rules 9019, files this motion (the "*Motion*") to approve compromise and

1

settlement ("**Settlement**") with PNC Bank, N.A. (**"PNC,"** and with the Trustee, the **"Parties"**). In support of this Motion, the Trustee states:

## Background

1. On March 17, 2021 ("**Petition Date**"), the instant bankruptcy case was commenced with the filing of a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("**Voluntary Case**") [ECF No. 1].

2. March 18, 2021, the Trustee was appointed as the duly authorized and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. The Trustee has asserted the Debtor transferred $27,171.28 (the **"Transfers"**) to PNC within the four-year period immediately preceding the Petition Date, and that such Transfers are avoidable pursuant to 11 U.S.C. § 548 and Chapter 726, Florida Statutes (2021).

4. On March 17, 2023, the Trustee filed an Adversary Complaint to Avoid and Recover Transfers and for Unjust Enrichment against PNC, Adv. Proc. No. 23-00017-GER, seeking to avoid and recover the Transfers (the **"Adversary Case"**).

5. The Trustee has alleged the Transfers were payments made by the Debtor for the Debtor's insiders personal car payments, and as result, the Debtor did not receive reasonably equivalent value in exchange for the Transfers. PNC disputes these allegations and denies all liability.

## The Settlement

6. The Parties have determined that a compromise and settlement regarding the Transfers offers the best resolution for both of them, and therefore is in the best interests of the Estate and all creditors.

2

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

settlement ("**Settlement**") with PNC Bank, N.A. (**"PNC,"** and with the Trustee, the **"Parties"**). In support of this Motion, the Trustee states:

## Background

1. On March 17, 2021 ("**Petition Date**"), the instant bankruptcy case was commenced with the filing of a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("**Voluntary Case**") [ECF No. 1].

2. March 18, 2021, the Trustee was appointed as the duly authorized and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. The Trustee has asserted the Debtor transferred $27,171.28 (the **"Transfers"**) to PNC within the four-year period immediately preceding the Petition Date, and that such Transfers are avoidable pursuant to 11 U.S.C. § 548 and Chapter 726, Florida Statutes (2021).

4. On March 17, 2023, the Trustee filed an Adversary Complaint to Avoid and Recover Transfers and for Unjust Enrichment against PNC, Adv. Proc. No. 23-00017-GER, seeking to avoid and recover the Transfers (the **"Adversary Case"**).

5. The Trustee has alleged the Transfers were payments made by the Debtor for the Debtor's insiders personal car payments, and as result, the Debtor did not receive reasonably equivalent value in exchange for the Transfers. PNC disputes these allegations and denies all liability.

## The Settlement

6. The Parties have determined that a compromise and settlement regarding the Transfers offers the best resolution for both of them, and therefore is in the best interests of the Estate and all creditors.

9. The key aspects of the Settlement, as more fully stated in the stipulation ("**Stipulation**") attached as **Exhibit A**, are:

a) **Settlement Payment and Timing**. In full and final settlement of the Transfers, PNC shall pay or arrange to be paid to the Trustee the amount of $13,585.55 (the "**Settlement Amount**") within twenty (20) calendar days of the later to occur of (i) the Trustee's delivery to PNC a Form W-9, and (ii) entry of the Bankruptcy Court order approving the Stipulation and this Motion becoming final and nonappealable;

b) **Wavier of 11 U.S.C. § 502(h) Claim**. PNC waives any 111 U.S.C. § 502(h) claim.

c) **Dismissal**. Upon payment of the Settlement Amount, the Trustee shall dismiss the Adversary Case; and

d) **Releases**. The Settlement provides for the mutual release of the Parties effective upon final and nonappealable Bankruptcy Court approval of the Stipulation and payment of the Settlement Payment.

**RELIEF REQUESTED**

10. The Trustee seeks an Order from this Court approving the Stipulation.

11. Fed.R.Bank.P. 9019 provides in relevant part that "[o]n motion ... and after a hearing on notice to creditors; the debtor … and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

12. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

13. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors).

14. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness and thus, should be approved.

*Probability of success in litigation*

15. The Trustee has asserted that the Transfers are avoidable transfers pursuant to 11 U.S.C. §§ 548 and 550, and Florida law. PNC has asserted that it has valid defenses to the Transfers, including that the Debtor received reasonably equivalent value in exchange for the Transfers and that PNC was a good-faith transferee.

16. Despite the Trustee's view on the probability of success of avoiding and recovering the Transfers, the Trustee acknowledges there are risks inherent in all litigation, that the burden of proof rests with the Trustee, and that PNC could ultimately prevail on its alleged defenses.

*Collectability*

17. Collectability is not an issue.

*Complexity of litigation and attendant expense, inconvenience and delay*

18. This is a significant consideration that militates in favor of approval of the Settlement.

19. Although many of the claims outlined above are typical claims litigated before this Court, they still will require retention of experts and fact discovery before a trial could take place. Prosecution of this case will result in substantial costs, and other typical and ordinary litigation-related expenses. These costs would diminish the net result of any recovery.

20. The Settlement addresses all of these concerns. The parties avoid litigating fact-specific claims with the attendant expense and delay of such litigation being nullified.

*Paramount interest of creditors*

21. The Settlement Payment provides a meaningful payment on the Trustee's claims against PNC when measured against the potential defenses and litigation risks, as well as the potential delay and costs associated therewith. As such, the Settlement is in the paramount interest of the Debtor's stakeholders.

**WHEREFORE**, Robert Thomas, as Chapter 7 Trustee of the bankruptcy estate of MJD Legacy Investments, Inc., respectfully requests this Court enter an Order in substantially the form attached as **Exhibit B**: (i) granting this Motion; (ii) approving the Stipulation; and (iii) granting such other and further relief as this Court deems just and proper.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 10, 2023, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1**; via U.S. Mail upon the parties listed on the Manual Notice List and the attached **Exhibit 2**[1] and via electronic mail upon: Kelsey Burgess, kburgess@burr.com.

s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esq.
Florida Bar No. 0592749
dgonzalez@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Special Litigation Counsel for Robert Thomas, Trustee*

---

[1] "NEF" means that service was made by Notice of Electronic Filing as set forth on Exhibit 1 and is not being additionally served by mail.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Carlos R Arias**    carias@ablawfl.com
- **Nicholas B Bangos**    nick@nbbpa.com
- **John Andrew Braithwaite**    andy.braithwaitelaw@gmail.com, ljackson.andybraithwaitelaw@gmail.com
- **L Todd Budgen**    tbudgen@mybankruptcyfirm.com, ltbudgen@ecf.courtdrive.com;bnc@mybankruptcyfirm.com
- **Daniel R Fogarty**    dfogarty.ecf@srbp.com, srbpecf@srbp.com
- **Spencer Gollahon**    spencer.gollahon@decubaslewis.com, spencer.gollahon@decubaslewis.com;loryn.bishop@decubaslewis.com;spencergollahon@earthlink.net
- **Daniel N Gonzalez**    dgonzalez@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Seth J Greenhill**    Seth.Greenhill@padgettlawgroup.com, Makesha.Caldwell@padgettlawgroup.com;angelica.reyes@padgettlawgroup.com;NSbkecf@padgettlawgroup.com;PLG@ecf.courtdrive.com;BKecf@padgettlawgroup.com
- **Ryan T Hyde**    rth@thamesmarkey.law, blc@tmhlaw.net;brm@tmhlaw.net
- **Justin M Luna**    jluna@lathamluna.com, bknotice1@lathamluna.com
- **Bradley R Markey**    brm@thamesmarkey.law, rrt@thamesmarkey.law;blc@thamesmarkey.law;sad@thamesmarkey.law
- **Brian K McMahon**    briankmcmahon@gmail.com
- **Michael A Paasch**    mpaasch@mateerharbert.com, NDarville@MateerHarbert.com
- **Joseph Benjamin Rome**    jrome@sequorlaw.com, mrivera@sequorlaw.com
- **Gavin Stewart**    bk@stewartlegalgroup.com
- **April Hosford Stone**    astone@tmppllc.com, bankruptcy@agentislaw.com
- **ReShaundra M Suggs**    rsuggs@mgs-legal.com, bankruptcy@mgs-legal.com
- **Robert E Thomas**    rthomastrustee@gmail.com, rthomas@ecf.axosfs.com
- **United States Trustee - ORL7/13**    USTP.Region21.OR.ECF@usdoj.gov
- **Jason A Weber**    jaw@tblaw.com, Nboffill@tblaw.com
- **John R Yant**    ryant@carltonfields.com, dlester@carltonfields.com;kathompson@carltonfields.com

EXHIBIT 1

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**BMW Bank of North America, c/o AIS Portfolio Services, LP**
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Lane K. Bogard**
Haberbush, LLP
444 West Ocean Blvd., Suite 1400
Long Beach, CA 90502

**Home Wise Realty Group, Inc.**
c/o Leandro Agabiti
217 N. Westmonte Dr.
Altamonte Springs, FL 32714

**Webstar Networks Corporation**
James Owen
c/o Jason A. Burgess
1855 Mayport Road
Atlantic Beach, FL 32233

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:21-bk-01125-GER<br>Middle District of Florida<br>Orlando<br>Fri Apr 28 15:18:06 EDT 2023 | BMW Bank of North America<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | BMW Bank of North America, c/o AIS Portfolio<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Bank of America, NA.<br>c/o April Hosford Stone   NEF<br>1515 South Federal Highway, Suite 100<br>Boca Raton, FL 33432-7404 | Bluebell International, LLC<br>Tiffany & Bosco, PA<br>1000 Corporate Dr<br>Suite 150<br>Ft. Lauderdale, FL 33334-3655 | Home Wise Realty Group, Inc.<br>c/o Leandro Agabiti<br>217 N. Westmonte Dr.<br>Altamonte Springs, FL 32714-3338 |
| MJD Legacy Investments Inc<br>12203 Regal Lily Lane<br>Orlando, FL 32827-7248 | Orange County Tax Collector<br>c/o Michael A. Paasch, Esq.<br>Mateer & Harbert, P.A.   NEF<br>P O Box 2854<br>Orlando, FL 32802-2854 | RBI Mortgages, LLC<br>c/o Nicholas B. Bangos   NEF<br>2560 RCA Blvd, Suite 114<br>Palm Beach Gardens, FL 33410-3337 |
| Soft Tech Development Corp.<br>Latham Luna Eden & Beaudine<br>201 S. Orange Ave<br>Suite 1400<br>Orlando, FL 32801-3483 | Southeaster Investments Incorporated<br>c/o Nicholas B. Bangos, PA<br>2560 RCA Blvd, Suite 114   NEF<br>Palm Beach Gardens, FL 33410-3337 | Webstar Networks Corporation<br>James Owen<br>c/o Jason A. Burgess<br>1855 Mayport Road<br>Atlantic Beach, FL 32233-1919 |
| BMW Financial Services<br>PO Box 5612<br>Hicksville, NY 11802-5612 | BMW Financial Services Attn: Customer Accoun<br>5550 Britton Parkway<br>Hilliard, OH 43026-7456 | Bank of America<br>Attn: Bankruptcy Dept.<br>NC4-105-03-14<br>POB 26012<br>Greensboro, NC 27420-6012 |
| Bluebell International, LLC<br>Joseph B. Rome, Esq.<br>SEQUOR LAW<br>1111 Brickell Avenue, Suite 1250<br>Miami, FL 33131-3123 | Bluebell International, LLC<br>Leyza F. Blanco, Esq.<br>SEQUOR LAW<br>1111 Brickell Avenue, Suite 1250<br>Miami, FL 33131-3123 | Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 |
| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | Kimberly Daloisio<br>12664 Banting Terrace<br>Orlando, FL 32827-7645 | Matthew Greenstein<br>616 Memorial Heights Dr.<br>#3206<br>Houston, TX 77007-6052 |
| Matthew Greenstein<br>c/o Daniel N. Gonzalez, Esq.<br>Meland Budwick, P.A.   NEF<br>200 S. Biscayne Blvd., Ste 3200<br>Miami, FL 33131-5323 | Michael Daloisio<br>12664 Banting Terrace<br>Orlando, FL 32827-7645 | Orange County Tax Collector<br>PO Box 545100<br>Orlando FL 32854-5100 |
| Preserve at Laureate Park Neighborhood Assoc<br>c/o Arias Bosinger, PLLC<br>280 W. Canton Ave., Suite 330<br>Winter Park, FL 32789-3167 | RBI MORTGAGES LLC<br>1920 E HALLANDALE BEACH BLVD<br>SUITE 705<br>Hallandale, FL 33009-4725 | SOUTHEASTER INVESTMENTS<br>1920 E HALLANDALE BEACH BLVD<br>SUITE 705<br>Hallandale, FL 33009-4725 |
| TOORAK CAPITAL PARTNERS LLC<br>15 Maple Street<br>Summit, NJ 07901-5008 | United States Trustee - ORL7/13<br>Office of the United States Trustee   NEF<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Vortex Energy Trading<br>C/O Matthew Greenstein<br>616 Memorial Heights Dr<br>#3206<br>Houston, TX 77007-6052 |

EXHIBIT 2

| | | |
|---|---|---|
| Vortex Energy Trading<br>c/o Daniel N. Gonzalez, Esq.  NEF<br>Meland Budwick, P.A.<br>200 S. Biscayne Blvd., Ste 3200<br>Miami, FL 33131-5323 | Hal Levenberg<br>Yip Associates<br>One Biscayne Tower<br>2 S. Biscayne Boulevard, Suite 2690<br>Miami, FL 33131-1815 | John Andrew Braithwaite<br>Braithwaite & Associates, PA  NEF<br>390 N. Orange Avenue, Suite 2300<br>Orlando, FL 32801-1684 |
| Matthew Greenstein<br>c/o Daniel N. Gonzalez, Esq.<br>Meland Budwick, PA  NEF<br>200 South Biscayne Blvd.<br>Suite 3200<br>Miami, FL 33131-5323 | Robert E Thomas  NEF<br>Robert E. Thomas, Ch. 7 Panel Trustee<br>P.O. Box 3877<br>Wilmington, DE 19807-0877 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)NewRez LLC d/b/a Shellpoint Mortgage Servi | (u)Preserve at Laureate Park Neighborhood Ass | (u)Toorak Capital Partners, LLC |
| (d)Kimberly Daloisio<br>12664 Banting Terrace<br>Orlando, FL 32827-7645 | (d)Michael Daloisio<br>12664 Banting Terrace<br>Orlando, FL 32827-7645 | End of Label Matrix<br>Mailable recipients    34<br>Bypassed recipients     5<br>Total                  39 |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("*Stipulation*") is entered between Robert Thomas, as Chapter 7 trustee (the "*Trustee*") for MJD Legacy Investments, Inc. (the "*Debtor*"), and PNC Bank, N.A. ("*PNC*"). The Trustee and PNC are at times individually referred to as a "*Party*" or collectively, the "*Parties*."

## RECITALS

WHEREAS, on March 17, 2021 (the "*Petition Date*"), Debtor commenced this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*"), case no. 6:21-bk-01125-GER (the "*Chapter 7 Case*");

WHEREAS, on March 18, 2021, the Trustee was appointed as the duly authorized and acting Chapter 7 Trustee of the Debtor's bankruptcy estate;

WHEREAS, the Trustee has asserted that the Debtor transferred $27,171.28 (the "*Transfers*") to PNC within 4 years prior to the Petition Date;

WHEREAS, the Trustee has asserted that the Transfers may be avoided and recovered pursuant to 11 U.S.C. §544 and Chapter 726, Florida Statutes, as well as 11 U.S.C. §§ 548 and 550;

WHEREAS, on March 16, 2023, the Trustee commenced an adversary proceeding against PNC, Adv. Proc. No. 23-00017-GER, seeking to avoid and recover the Transfers as constructively fraudulent transfers (the "*Adversary Case*");

WHEREAS, PNC expressly denies that the Transfers are avoidable and has asserted numerous defenses;

WHEREAS, the Parties have engaged in discussions in an attempt to resolve any and all issues relating to the Transfers;

WHEREAS, the Parties desire to settle amicably and promptly based upon the terms set forth below in this Stipulation; and

1

51752257 v2

EXHIBIT A

WHEREAS, the Parties believe that an amicable and prompt settlement is in the Parties best interest and will avoid substantial costs of litigation.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties enter into the following Stipulation and agree to the following terms and conditions:

## AGREEMENT

1. **Incorporation of Recitals.** The Recitals stated above are true and correct and are incorporated into this Stipulation.

2. **No admission of liability.** The Parties acknowledge that this Stipulation is a compromise and settlement of a controversy. No Party admits, and each expressly denies, any liability on its part.

3. **Entire agreement.** This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof and there are no other stipulations, agreements, representations, or warranties other than those specifically set forth herein. All prior agreements and understandings between the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

4. **Settlement Payment.** In full and final settlement of the Transfers, PNC shall pay or arrange to be paid to the Trustee the amount of $13,585.55 (the "*Settlement Amount*") within twenty (20) calendar days of the later to occur of: (a) the Trustee's delivery to PNC a Form W-9, and (b) entry of an Order by the Bankruptcy Court approving this Stipulation that becomes final and nonappealable.

5. **Waiver of 11 U.S.C § 502(h) Claim.** PNC waives any 11 U.S.C. § 502(h) claim in this Chapter 7 Case.

6. **Dismissal of Adversary Case.** Upon payment of the Settlement Amount, the Trustee shall dismiss the Adversary Case with prejudice.

7. **Release.** Upon approval of this Stipulation by final and nonappealable order of the Bankruptcy Court and payment of the Settlement Amount, the Trustee, on the one hand, and PNC, on the other hand, shall release, waive, acquit and forever discharge each other and their respective principals, partners, employees, servants, subsidiaries, heirs, successors and assigns, past and present, agents, attorneys and representatives, and each of them from any and all accounts, actions, agreements, bonds, bills, causes of action, claims, contracts, controversies, costs, covenants, damages, disputes, debts, executions, judgments, lawsuits, liabilities, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, and variances, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Stipulation relating solely to the Transfers, with the exception of the obligations and waivers set forth in this Stipulation which shall survive any and all limitations. This Stipulation and the releases in this Paragraph 7 shall have no bearing or effect on any claim PNC may have against Michael Daloisio and/or Kimberly Daloisio, expressly including any claims PNC may have against Michael Daloisio and/or Kimberly Daloisio relating to the Transfers. Any such claims are preserved and shall be fully enforceable by PNC. Additionally, this Stipulation and the releases in this Paragraph 7 shall not impair or affect the contractual agreements, existing now or hereafter, between PNC and Michael Daloisio and/or Kimberly Daloisio.

8. **Authorization to bind.** The individuals signing below represent and warrant that they have the authority to execute this Stipulation on behalf of the applicable Party and bind them to its terms.

51752257 v2

9. **Review/No Duress.** Each of the Parties acknowledges that he, she or it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of his, her or its own choosing or voluntarily waived such right, and enters into those terms voluntarily and without duress.

10. **Attorneys' fees and costs.** Each Party shall bear their own attorneys' fees and costs in connection with the negotiation of this Stipulation and motions and orders as may be necessary to obtain the approval of this Stipulation by the Bankruptcy Court. The Trustee agrees to seek the Bankruptcy Court's approval of this Stipulation promptly after receipt of PNC's execution of this Stipulation.

11. **No waiver or modification.** This Stipulation and any of the specific items, covenants, and conditions contained herein, may not be waived, changed, altered or modified except by an instrument in writing signed by the Party against whom enforcement of such change is sought.

12. **Effective date.** This Stipulation shall be effective upon execution by all of the Parties hereto, subject only to approval of this Stipulation by final order of the Bankruptcy Court and payment of the Settlement Amount. Upon it becoming effective, this Stipulation shall be binding on all of the Parties' successors or assigns.

13. **No effect.** If the Bankruptcy Court declines to approve this Stipulation, then the Stipulation shall be of no further force or effect, and the Parties shall be restored to their rights as they existed prior to the execution of this Stipulation. Notwithstanding the foregoing, if the Bankruptcy Court does not approve this Stipulation because any of the Parties have failed to provide the Bankruptcy Court with adequate information to rule on the merits of the Stipulation, the Parties will use their best efforts to seek reconsideration of any order declining to approve the Stipulation, or to file an amended motion to approve the Stipulation.

14. **Controlling law.** This Stipulation shall in all respects be construed in accordance with the laws of the State of Florida applicable to contracts made and to be performed wholly within the State of Florida and by federal law to the extent the same has preempted the laws of the State of Florida.

15. **Counterparts.** This Stipulation may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation. Delivery of an executed counterpart of a signature page to this Stipulation by facsimile or electronic mail shall be effective as delivery of a manually executed counterpart of this Stipulation.

16. **Construction.** This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such Party.

17. **Jurisdiction.** The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Stipulation.

18. **Tax Consequences.** The Trustee shall be solely responsible for payment of all taxes that may be owed by the Trustee or bankruptcy estate on account of this Stipulation. The Parties each acknowledge and agree that (i) PNC may report any consideration made pursuant to this Stipulation to the Internal Revenue Service and/or state and local tax authorities or agencies after such consideration has been made; (ii) the Parties are solely responsible for determining and satisfying any tax liability resulting from any consideration made pursuant to this Settlement; and (iii) PNC has made no representations, or offered any advice or opinion, concerning the tax consequences of the Stipulation or consideration made under this Stipulation.

**STIPULATED AND AGREED:**

_____     Date: _____
Robert Thomas, Chapter 7 Trustee

**PNC Bank, N.A.**

_____*Mark Fel*_____     Date: 10/3/2023
Print Name: __**Mark Feliciano**_____
Title: _____**Officer**_____

51752257 v2

**STIPULATED AND AGREED:**

_____  Date: 9-27-2023
Robert Thomas, Chapter 7 Trustee

**PNC Bank, N.A.**

_____  Date: _____
Print Name:_____
Title:_____

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

MJD LEGACY INVESTMENTS, INC,   Case No.: 6:21-bk-01125-GER
                                Chapter 7
   Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE
AND SETTLEMENT WITH PNC BANK, N.A.**

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Compromise and Settlement with PNC Bank, N.A.* [ECF No. ___] ("***Motion***").[1] The Court, having reviewed the Motion, and movant by submitting this order having represented that the Motion was served on all parties required by Bankruptcy Rule 2002, that the 21-day response the time provided by Local Rule 2002-4(c) has expired, that

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

EXHIBIT B

no one has filed or served on the movant a response to the Motion, and that the form of order was attached as an exhibit to the Motion, accordingly, it is:

**ORDERED** as follows:

1. The Motion is **GRANTED,** and the terms of the Stipulation are **APPROVED** and incorporated herein in their entirety.

2. PNC shall pay or arrange to be paid to the Trustee the amount of $13,585.55 within twenty (20) calendar days of the later to occur of (i) the Trustee's delivery to PNC a Form W-9, and (ii) entry of the Bankruptcy Court order approving the Stipulation and the Motion becoming final and nonappealable.

3. PNC waives any 11 U.S.C. §502(h) claim upon payment of the Settlement Amount.

4. The release embodied in the Stipulation shall become effective upon the date this Order becomes final and nonappealable and the payment of the Settlement Payment.

5. The Court retains jurisdiction to enforce the terms of the Stipulation.

###

**Submitted By:**
Daniel N. Gonzalez, Esquire
Florida Bar No. 592749
dgonzalez@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Trustee*

**Copies Furnished To:**
Daniel N. Gonzalez, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.